UNITED STATES *v.* McBRIDE STUDIOS (No. 2734) [1]

MARBLE TILES—MANUFACTURES OF MARBLE—RELATIVE SPECIFICITY—ENTIRETIES—KNOCKDOWN FLOOR.

Marble tiles which were made to order to repair a certain floor are manufactures of marble under paragraph 233, Tariff Act of 1922, but are more specifically provided for as paving tiles of marble under paragraph 232, and dutiable accordingly. Their having been made to order does not affect the conclusion. Even if it would affect their classification, they can not be regarded as a knockdown floor, since they are not for *making* but for *patching* a floor.

United States Court of Customs Appeals, January 13, 1927

APPEAL from Board of United States General Appraisers, Abstract 50883

[Affirmed.]

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Fred J. Carter,* special attorneys, of counsel), for the United States.

*Barnes, McKenna & Halstead* (*Samuel M. Richardson* and *Joseph Schwartz,* of counsel), for appellees.

---

[1] T. D. 41956.

[Oral argument December 16, 1926, by Mr. Igstaedter and Mr. Richardson]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Octagonal pieces of marble imported at the port of New York were classified by the collector of customs as manufactures of marble and assessed for duty at 50 per centum ad valorem under that part of paragraph 233 of the Tariff Act of 1922 which reads as follows:

233. Marble, breccia, onyx, alabaster, and jet, wholly or partly manufactured into monuments, benches, vases, and other articles, and articles of which these substances or any of them is the component material of chief value * * * not specially provided for, 50 per centum ad valorem.

The importer protested that the goods were paving tiles of marble dutiable according to their superficial area and thickness and if rubbed were subject to an additional duty of 3 cents per superficial foot as provided in that part of paragraph 232 of the Tariff Act of 1922 which reads as follows:

232. * * * paving tiles of marble * * * containing not less than four superficial inches, if not more than one inch in thickness, 8 cents per superficial foot; if more than one inch and not more than one and one-half inches in thickness, 10 cents per superficial foot; if more than one and one-half inches and not more than two inches in thickness, 13 cents per superficial foot; if rubbed in whole or in part, 3 cents per superficial foot in addition; * * *

The Board of General Appraisers sustained the protest and the Government appealed.

The samples in evidence and the uncontradicted testimony in the case establish that the importation consists of octagonal pieces of marble having one rubbed surface and that they were cut to size and imported for the purpose of repairing an old church floor, some of the tiles of which had been cracked, worn down, and the joints opened up. The pieces of marble imported are not designed for the construction of the entire church floor or for the construction of any particular floor and were shaped and cut to size not for the purpose of constructing a floor but to replace the damaged tiles of a floor already constructed. The tiles can not, therefore, be properly regarded as a knocked-down tile floor. In order to constitute a knocked-down article its parts when assembled must make an entirety, an article ready for use. A knocked-down tile floor, if there be such a thing, is, therefore, a floor the component tiles of which are cut to shape and size for a particular floor and create a complete floor when put in place. It is clear that the tiles, which were imported for repair purposes and to take the place of damaged or broken tiles, would not make a floor for the church for which they were imported.

The tiles are unquestionably manufactures of marble and it is certain that they belong to that special class of manufactures of marble known as marble tiles. The importation would, therefore, be dutiable as manufactures of marble if there was no provision for marble tiles and it would be dutiable as marble tiles if there was no provision for manufactures of marble. As the goods are provided for both as manufactures of marble and as marble tiles, that provision which is the more specific must be preferred for the assessment of duty. The designation "marble tiles" is evidently less comprehensive than the designation "marble wholly or partly manufactured into monuments, benches, vases, and other articles" and from that it follows that the importation is more specifically provided for in paragraph 232 than in paragraph 233. Moreover paragraph 233 provides for marble wholly or partly manufactured into articles not specially provided for, whereas paragraph 232 provides for paving tiles of marble of certain sizes without restriction or limitation.

In *Thompson-Starrett Co.* v. *United States*, 12 Ct. Cust. Appls. 37, T. D. 39979, it was held that tiles imported in shapes, sizes, and colors, selected by the importer for the floors of an apartment house in New York, were not dutiable as wholly or partly manufactured articles of marble and that they were dutiable as paving tiles. We are satisfied that that decision was sound and that its reasoning is applicable to this case with added force, inasmuch as the tiles here imported were not imported for the construction of any particular floor but for the repair of a floor already constructed. As was well said by Justice McClelland, "a tile is no more a tile because it is kept in stock and no less a tile because it is made to order."

The judgment of the Board of General Appraisers, now the United States Customs Court, is *affirmed*.