RICHARD SHIPPING CORPORATION *v.* UNITED STATES (No. 3245)[1]

United States Court of Customs and Patent Appeals, February 6, 1930

*Comstock & Washburn* (*George J. Puckhafer* and *Henry J. Rode* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Kenneth G. Osborn*, special attorney, of counsel), for the United States.

[Oral argument December 4, 1929, by Mr. Puckhafer and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise consisting of rectangular pieces of marble in the form of slabs, each seven-eighths of an inch thick, was assessed for duty by the collector as articles of marble wholly or partly manufactured, under paragraph 233 of the Tariff Act of 1922, which reads as follows:

PAR. 233. Marble, breccia, onyx, alabaster, and jet, wholly or partly manufactured into monuments, benches, vases, and other articles, and articles of which these substances or any of them is the component material of chief value, and all articles composed wholly or in chief value of agate, rock crystal, or other semiprecious stone, except such as are cut into shapes and forms fitting them expressly for use in the construction of jewelry, not specially provided for, 50 per centum ad valorem.

It is claimed by the importer that the merchandise is properly dutiable as marble slabs, rubbed, under paragraph 232, which reads as follows:

PAR. 232. Marble, breccia, and onyx, in block, rough or squared only, 65 cents per cubic foot; marble, breccia, and onyx, sawed or dressed, over two

[1] T. D. 43865.

inches in thickness, $1 per cubic foot; slabs and paving tiles of marble, breccia, or onyx, containing not less than four superficial inches, if not more than one inch in thickness, 8 cents per superficial foot; if more than one inch and not more than one and one-half inches in thickness, 10 cents per superficial foot; if more than one and one-half inches and not more than two inches in thickness, 13 cents per superficial foot; if rubbed in whole or in part, 3 cents per superficial foot in addition; mosaic cubes of marble, breccia, or onyx, not exceeding two cubic inches in size, if loose, one-fourth of 1 cent per pound and 20 per centum ad valorem; if attached to paper or other material, 5 cents per superficial foot and 35 per centum ad valorem.

On the trial below, Walter J. Fensterer, president of the firm of Fensterer & Voss (Inc.), testified that the articles in question were imported by his company; that they were purchased according to size; that one surface and each of the four edges of the imported articles were polished; that his company did not import marble for the building trade; that the involved articles were sold by the importer to manufacturers of furniture and to jobbers; that, while he had never seen them used for building purposes, they could be used as "panels"; that his company usually shipped imported articles of this character to the customer direct from the "pier"; and that he did not know whether they were sold as "table tops" or as "slabs." He also testified that the imported articles were "slabs," but he did not give any reason for this conclusion.

The witness, Adolph Fuhs, also testified for the importer. He said that articles of the kind and character of those involved "would be used for dado, for panels, for shelves, and a lot of other things would be done with it"; that they would be referred to in the trade as "slabs"; and that his company buys slabs of marble and finishes them for building and other purposes. We quote from his testimony:

A. Anything is a slab; even if I would say a piece an inch by an inch, it is a slab in a sense of the word naturally; it would be a disk or something else in the design, but it is a slab.

  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Q. Is the slab polished or unpolished?—A. That depends. You could have it honed, or rough.

Q. So, according to your definition you could have it polished or rough?—A. *It would be honed; it would be unpolished.*

Q. *Smoothed off but unpolished?*—A. *Yes, sir.*

Q. Would it always be smooth or might it be rough or irregular?—A. If it comes out of a gang saw it is kind of rough. This is a gang saw here [indicating the back side of the exhibit]. The next thing we rough this and make it smooth, as smooth as the table, and then you polish it. [Italics ours.]

The witnesses, George Trani, Vincent Silvester, and Alfred Eisenbach, who testified for the Government, were engaged in the business of making tops for furniture and other articles of marble. Each testified that the involved articles were not mere slabs of marble, but that, as they had been polished on one surface and on each of the four edges, they were finished articles; that they were designed to be

used as "tops for furniture" and were known as "tops"; and that they had no other commercial use.

The court below, in an opinion by McClelland, Justice, held that the imported articles were specially designed for use as tops for tables and other articles of furniture; that they had ceased to be "slabs" of marble, as that term is used in paragraph 232, *supra;* and that they were dutiable as wholly or partly manufactured articles of marble under paragraph 233, *supra.*

It is contended by counsel for appellant that the imported merchandise "consists of marble slabs, rubbed or polished," and that, while the merchandise is sometimes referred to in the trade as "tops," it is not, for that reason, removed from the provisions of paragraph 232, *supra,* for slabs of marble, rubbed in whole or in part; and that this case is controlled by the decisions of this court in *United States* v. *McBride Studios,* 14 Ct. Cust. Appls. 321, T. D. 41956, and *Thompson-Starrett Co.* v. *United States,* 12 Ct. Cust. Appls. 37, T. D. 39979.

It will be observed that paragraph 232, *supra,* provides for "marble, * * * in block, rough or squared only," at 65 cents per cubic foot; "marble, * * * sawed or dressed, over two inches in thickness," at $1 per cubic foot; and for "slabs * * * of marble," not more than two inches in thickness. It also provides an additional duty for slabs of marble, "if *rubbed* in whole or in part." (Italics ours.) The Tariff Acts of 1909 and 1913 contain substantially the same provisions.

In the Summary of Tariff Information, 1921, page 342, the Tariff Commission included the following in its report to the Senate Finance Committee, with reference to paragraph 233, *supra:*

Stone manufactures include, besides *tombstones and monuments* made of marble and kindred stones, a large and diverse list such as *commercial and religious statuary, paper weights, inkwells, table-tops,* * * * Desk and novelty articles are produced as a side line by manufacturers of monuments, as well as by makers of novelties, and also on special order. [Italics ours.]

In the Summary of Tariff Information, 1920, prepared for the Ways and Means Committee of the House of Representatives, the Tariff Commission, with reference to paragraph 97 of the Tariff Act of 1913, the predecessor of paragraph 232 of the Tariff Act of 1922, reported, in part, as follows:

INTERPRETATION AND COMMENTS

*Marble tiles, rubbed,* were held dutiable under this paragraph as marble tiles "rubbed in whole or in part." *The law does not contemplate a polished or even a perfectly smooth surface as the result of being rubbed. Rubbing may be only one step beyond the sawing toward the finished state.* (Abstract 40163, of 1916.) [Beginning "The law" italics ours.]

Of course the Congress may have ignored the Tariff Commission's construction of paragraph 233 that marble "table tops" were in-

cluded therein, and the courts are not bound to accept it; nevertheless, when considered in connection with the report of the Tariff Commission to the Congress relative to the construction given the language contained in paragraph 232, by the Board of General Appraisers (now United States Customs Court) in Abstract 40163, it is not without significance. In Abstract 40163, paragraph 97 of the Tariff Act of 1913, the predecessor of paragraph 232, was construed and, as pointed out in the report of the Tariff Commission, the court below said:

The law does not contemplate a polished or even a perfectly smooth surface as the result of being rubbed. Rubbing may be, and doubtless is, only one step beyond the sawing toward the finished state.

It will be observed that paragraph 232, in so far as the issues here are concerned, is identical with paragraph 97, *supra*. It would seem to be obvious, therefore, that the Congress used the word "rubbed," in paragraph 232, in accordance with the interpretation placed upon it by the Board of General Appraisers (now United States Customs Court) in Abstract 40163; and that it was intended by the Congress to approve and adopt that interpretation. Furthermore, we think it fairly appears from the evidence in the case that marble manufacturers distinguish between marble slabs, rubbed, and such slabs when further processed—polished. Accordingly, we are of opinion that had the Congress intended to include, in paragraph 232, polished, as distinguished from rubbed, slabs of marble, it would have said so.

With reference to the decisions of this court in *Thompson-Starrett Co.* v. *United States*, and *United States* v. *McBride Studios, supra*, we may say that it was pointed out in each of those decisions that the marble tiles there involved were "rubbed in whole or in part." The question here presented was not before the court in either of those cases. We might say, in conclusion, that the record contains no evidence relative to the trade meaning of the statutory word "rubbed."

For the reasons stated the judgment is *affirmed*.